UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,          CRIMINAL NO. 06-171 (RHK/JSM)

    Plaintiff,

v.                                     REPORT AND RECOMMENDATION

MICHAEL BROOKS BYNUM,

    Defendant.

The above matter came on for hearing before the undersigned upon defendant Michael Brooks Bynum's Motion to Challenge Arrest [Docket No. 15] and Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 18].[1]

Michael A. Dees, Assistant United States Attorney, appeared on behalf of the United States of America ("Government"); Rick E. Mattox appeared on behalf of defendant Michael Brooks Bynum, who was personally present. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Based upon the pleadings, arguments by counsel, testimony taken from James Lee Burns, exhibits submitted at the hearing, pre-hearing submissions, and post-hearing submissions, IT IS RECOMMENDED that:

---

[1] The remaining motions presented by defendant Michael Brooks Bynum are addressed in a separate Order of the Court: (1) Motion for Discovery [Docket No. 12]; (2) Motion for Discovery of Rule 16(a)(1)(E) Evidence [Docket No. 13]; (3) Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Docket No. 14]; (4) Motion for Early Disclosure of Jencks Act Material [Docket No. 16]; and (5) Motion for Pretrial Disclosure of 404 Evidence and Barring of Same [Docket No. 17].

1

1.      Michael Brooks Bynum's Motion to Challenge Arrest [Docket No. 15] be DENIED.

2.      Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 18] be DENIED.

## I.      FACTUAL BACKGROUND

On April 23, 2006, Officer James Lee Burns of the Minneapolis Police Department, testified that he and his partner encountered a blue and tan Bronco traveling north on Emerson Avenue at approximately 50 miles per hour, in a 30 miles per hour speed zone. Officer Burns stated that he had to drive in excess of 60 miles per hour to catch up to the Bronco. Once the officers caught up to the Bronco, they drove approximately 50 miles per hour to keep pace with it. The Bronco turned right at Lowry without stopping for the red light and without signaling. The Bronco then turned left into an alley near Dupont without signaling. The Bronco came to a stop in the driveway of 3119 Dupont Avenue North. The police squad car pulled in behind the Bronco.

After the Bronco came to a stop, Officer Burns observed the driver of the Bronco, defendant Bynum, looking back over his left shoulder at the officers, and then reach down to the floorboard, bending at the waist. Officer Burns stated that he was concerned that Bynum was either reaching for or discarding a gun. As Officer Burns approached Bynum, Bynum exited the Bronco, leaving the door open and butting up against a chain link fence. Officer Bynum then saw Bynum looking in various directions. Based on this behavior and the fact that it was unusual for speeders to get out of their cars unless they were going to flee, Officer Burns testified that he believed that Bynum might flee or fight. Consequently, Officer Burns grabbed Bynum by the shirt collar and escorted him to the squad car. Officer Burns then performed a pat down search of

Bynum for officer safety and obtained from Bynum a Minnesota state I.D. with Bynum's name on it. Officer Burns stated that he recognized Bynum's name from previous calls to the police and recalled that Bynum was a suspect in at least two gun-pointing incidents. Officer Burns also testified that he recalled that Bynum had a suspended driver's license, and when he informed Bynum of this fact, Bynum admitted that his driver's license was suspended. Officer Burns' partner confirmed that Bynum's driver's license was suspended.

Officer Burns placed Bynum in the squad car and then went back to the Bronco to perform an inventory search of the car for impoundment and to search the area where Bynum was reaching after he stopped the Bronco. With respect to the impoundment of the vehicle, Officer Burns testified that that it was Department policy to inventory, tow and impound a vehicle unless it could be released to the registered owner and this person had a valid driver's license. However, Officer Burns also stated that had he found nothing in the Bronco, he would have cited Bynum and released him.[2]

When Officer Burns returned to the Bronco, the driver's door was still open. Without bending over or getting into the Bronco, Officer Burns looked into the driver's side of the vehicle and saw a black semi-automatic handgun on the floorboard. Officer Burns also saw knives and plastic or glass vials of marijuana. Officer Burns took possession of these items and determined that the magazine to the gun was loaded but there was no round in the chamber. At that point, Officer Burns told Bynum that he was under arrest for "p.c. weapons"—i.e. probable cause for a weapons violation.

---

[2] Officer Burns offered no testimony as to whether he would or would not have had the Bronco towed and impounded, had he found no evidence of a crime in the vehicle.

3

**II.    ANALYSIS**

Bynum argued that this Court should suppress any physical evidence obtained from his vehicle, including the Glock firearm, and any resulting statements made by him, on grounds that there were no probable cause, exigent circumstances or any other exception to the warrant requirement to support the stop and warrantless search and seizure of his Bronco.  In response, the Government maintained that there was probable cause to stop the vehicle based on Bynum's numerous traffic violations, and that Bynum's behavior after he was stopped, gave Officer Burns a reasonable basis to perform a protective sweep of the car for weapons.

**A.  Motion To Suppress Evidence Obtained As A Result Of Search And Seizure**

**1.    Probable Cause to Stop Bynum**

Prior to stopping Bynum, Officer Burns observed that Bynum was speeding, that he made turns without using a turn signal, and ran a red light.  Based on this testimony, this Court concludes that Officer Burns had probable cause to stop Bynum as he saw Bynum commit traffic violations in his presence.  See United States v. Pulliam, 265 F.3d 736, 739 (8th Cir. 2001); see also United States v. Johnson, 58 F.3d 356, 357 (8th Cir. 1995); United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc) ("Any traffic violation, however minor, provides probable cause for a traffic stop.").

**2.    Discovery and Seizure of the Semi-Automatic Handgun under the Plain View Doctrine**

"The Fourth Amendment does not require that every search be made pursuant to a warrant.  It prohibits only unreasonable searches and seizures."  South Dakota v. Opperman, 428 U.S. 364, 372-73, 96 S. Ct. 3092, 3099, 49 L.Ed.2d 1000 (1976)

(citation omitted); see also United States v. Mays, 982 F.2d 319, 321 (8th Cir. 1993). A warrantless search of an automobile may be allowed if there is probable cause. See United States v. Rowland, No. 02-4108, 2003 WL 22047799 (8th Cir. Sept 3, 2003) (citing United States v. Riedesel, 987 F.2d 1383, 1389 (8th Cir. 1993); Carrol v. United States, 267 U.S. 132, 158-59, 45 S. Ct. 280, 69 L.Ed. 543 (1925)). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000).

Further, under the plain-view doctrine, an officer need not have a warrant to conduct a search and seize evidence in plain view, if the officer's conduct meets three criteria: 1) the officer must be legitimately at the vantage point where he or she plainly views the evidence; 2) the incriminating nature of the object seized must be immediately apparent to the officer; and 3) the officer must have a legal right of access to the object. United States v. Beatty, 170 F.3d 811, 814 (8th Cir. 1999) (citation omitted).

This Court finds that Officer Burns's warrantless search of the vehicle and subsequent seizure of the Glock did not violate the Fourth Amendment because the semi-automatic handgun, knives, and marijuana was discovered in plain view of Officer Burns. This Court reaches this conclusion for the following reasons:

First, Officer Burns had a legitimate basis for returning to the Bronco. After stopping Bynum, Officer Burns observed him looking back at the officers and then bending over towards the floorboard, causing the officers to believe that Bynum was reaching for or hiding a gun. In addition, Officer Burns saw Bynum get out of the car and look around as if he was going to flee. This behavior, coupled with Officer Burns's

5

knowledge that Bynum was driving with a suspended license and had been a suspect in at least two gun pointing incidents, gave Officer Burns sufficient reason to return to the Bronco to perform an inventory search in the event he was going to impound the vehicle and to perform a protective sweep of the Bronco for officer safety.

Second, when Officer Burns returned to the Bronco, the door was still open and before he even began his search of the vehicle, he was able to see the Glock on the floorboard and the knives and vials of marijuana. Officer Burns was legitimately at a vantage point from which he plainly viewed these items.

Third, the incriminating nature of the semi-automatic handgun, knives and vials was readily apparent to Officer Burns, whose experience alerted him to suspicious behavior. The Eighth Circuit has found firearms to be incriminating. See United States v. Hatten, 68 F.3d 257, 261 (8th Cir. 1995) ("Hidden guns, even badly hidden guns, are by their nature incriminating.") (citing United States v. Hughes, 940 F.2d 1125, 1127 (8th Cir.) (noting that the "incriminatory nature of [a] gun and cocaine was immediately apparent"); United States v. Wilson, 524 F.2d 595, 598 (8th Cir.1975) (incriminating nature of six inches of gun barrel was immediately apparent), cert. denied, 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976).

Finally, once Officer Burns viewed the semi-automatic handgun, knives and vials of marijuana, he had a legal right to briefly enter the vehicle to seize these objects. The incriminating nature of the semi-automatic handgun being apparent, an officer may briefly enter a vehicle to retrieve the contraband. See United States v. Beatty, 170 F.3d 811, 814 (8th Cir. 1999). Thus, the warrantless search of the vehicle and eventual seizure of the semi-automatic handgun and other items found in the vehicle constitutes

a legitimate, plain-view search and seizure that does not violate the Fourth Amendment. As a result, the Bynum's Motion to Suppress the semi-automatic handgun and other items found in the Bronco should be denied.

### B. Motion to Suppress Statements

Bynum also moved to suppress any statements resulting from the illegal stop, search and seizure. At the hearing, however, Bynum stated that this motion was predicated on his successfully challenging the stop and search and seizure of evidence from his Bronco, and that if this Court denied his motion to suppress evidence, his motion to suppress statements would fail, as well. As this Court has found that there was probable cause to stop Bynum and that the search of his vehicle and subsequent seizure of the firearm and other items was proper, this Court finds that there is no basis to suppress any statements made by Bynum. Thus, this Court recommends Bynum's motion to suppress statements be denied.

## III. RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Michael Brooks Bynum's Motion to Challenge Arrest [Docket No. 15] be DENIED.
2. Michael Brooks Bynum's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 18] be DENIED.


Dated:  August 16, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

7

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **August 28, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **August 28, 2006**.